IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                          CRIMINAL ACTION NO. 1:12MJ34

EDWARD MONTECALVO,
         Defendant.

ORDER/OPINION DENYING GOVERNMENT'S MOTION TO DETAIN

On the 19th day of March 2012, came the United States by Andrew Cogar, its Assistant United States Attorney, and also came the defendant, Edward Montecalvo, in person and by his counsel, Brian Kornbrath, for hearing on the motion of the United States to detain the defendant pending trial. Thereupon, the matter came on to be heard upon the government's motion to detain; upon the duly sworn testimony of Special Agent Patrick Kelly, and Defendant's father, Edward Montecalvo; upon the pretrial services report prepared and submitted to counsel and to the Court by Adult Pretrial Services Officer Matthew Schmitt; and upon the argument of counsel for defendant and the Assistant United States Attorney.

### A. Contentions of the Parties

The government contends this case is eligible for detention because it involves a serious risk Defendant will flee, and and a serious risk of obstruction of justice. The government further contends the Court should detain Defendant because het constitutes a flight risk and a danger to the community.

The defendant contends that he is not a flight risk or a danger to the community, and also contends there are conditions of release which could reasonably assure his appearance as required and the safety of any other person and the community. Defendant in particular asserts through

proffer and testimony that his father, Edward Montecalvo is willing and able to act as his Third-Party Custodian and also allow for electronic monitoring in his residence.

### B. The Standards

Title 18 § 3142(g) provides the specific factors that are to be considered to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are:

(1) The nature and consequences of the offense;

(2) The weight of the evidence;

(3) The history and characteristics of the person; and

(4) The seriousness of the danger to any person or the community that would be posed by the person's release.

The United States Court of Appeals for the Fourth Circuit has interpreted these standards as they relate to the issue of danger to any person or the community that would be posed by the persons's release in United States v. Williams, 753 F.2d 329 (4th Cir. 1985). In that case, both defendants had prior felony convictions for distribution of controlled substances and prior convictions of offenses involving dangerous drugs. At the time of arrest, one defendant had two weapons and large amounts of cash and was on parole for prior drug trafficking offenses. The other defendant had a large amount of cash and a beeper. Both defendants were at the top levels of a criminal organization and had been accused of ordering shootings. The Fourth Circuit has set a stringent standard for pretrial detention in accordance with legislative history of the statute as set forth in S.Rep.No. 98-225, 98th Cong., 2nd Sess., 3 (1983). That report indicated that detention would involve cases in which there were one or more of the following:

(1) A continuing pattern of criminal activity;

(2) Major drug felonies;

(3) Importing and distribution of controlled substances;

(4) Flight was a high risk in a major drug trafficking offense;

(5) Substantial ties to organizations outside the United States involved in the exportation of controlled substances; and

(6) Large financial resources and foreign contacts to escape.

### C. Discussion

Applying the legal standards herein set forth, and in addition to the reasons set forth on the record of the detention hearing, the Court finds clear and convincing evidence that:

1) Defendant is named in a 62- Count Indictment out of the United States District Court for the District of Nevada, charging him, along with 38 others in a RICO case involving unlawful trafficking in and production of counterfeit identification and access devices.

2) The charges against Defendant are serious.

3) The weight of the evidence is strong enough for a Grand Jury in Nevada to have found probable cause.

4) The evidence includes the discovery during a consent search of a bar code reader, card blanks, and holographic images for cards.

5) Defendant's criminal history is not significant as regards this case, including one or two underage consumption/public intoxication charges and one plea of no contest to destruction of property.

6) The government believes Defendant was allegedly involved in the organization since 2009.

7)   Defendant could continue his involvement from any location.

8)   Defendant's only tie to the Morgantown, WV community was his matriculation at West Virginia University which was terminated due to poor academic performance. Defendant has since been attending online community college classes, while still residing in Morgantown.

9)   Defendant admitted to using marijuana two or three times a month.

10)   Defendant has no history of non-appearance, and remained in the Morgantown residence even when the above-noted charges in his criminal history were pending against him.

11)   Defendant cooperated with officers and consented to the search of his residence when he was arrest on the present charges. He had no weapons, and did not attempt to flee.

12)   Defendant says he has no passport.

13)   Defendant's lease in Morgantown expires in April of this year.

14)   Defendant has a stable residence in Virginia with his father.

15)   Defendant's father, Edward Montecalvo, is willing and able to act as Defendant's third-party custodian.

16)   Defendant's father is willing to, and has the means to transport both Defendant and himself to Nevada for arraignment in that District.

17)   Defendant has no violent history and no weapons of which the court has been made aware.

### D.  Conclusion

The Court concludes Defendant does not present a serious flight risk or a danger to the community if released which could not be ameliorated by a conditional release order. The Court further concludes there are conditions which the Court could and will impose which would

reasonably assure the appearance of Defendant or the safety of the community if Defendant is released on bond.  The United States' Motion to Detain is DENIED.  It is therefore

**ORDERED** that  Defendant be released on conditions of Pretrial Release pursuant to an Order entered contemporaneously herewith.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.


DATED: March 19, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE